# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

ALEXIS EVANS,

    Plaintiff,

vs.

CASE NO.:

GOOD AIR, INC., Florida Profit Corporation,

    Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, ALEXIS EVANS ("Ms. Evans" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant, GOOD AIR, INC., ("GA" or "Defendant"), a Florida Profit Corporation, for race discrimination and retaliation pursuant to 42 U.S.C. § 1981 ("Section 1981" or "§ 1981"), and for race discrimination, color discrimination, and national origin discrimination in violation of Title VII of the Civil Rights Act ("Title VII") and retaliation in violation of the "FCRA", as amended, 29 U.S.C. § 2601, et seq. ("FCRA").

Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

## PARTIES AND CONDITIONS PRECEDENT

1. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about May 14, 2021.

2. On or about September 12, 2022, Plaintiff received her Notice of Right to Sue from the EEOC giving her (90) days to file in court.

3. More than a (180) days passed since the charge was filed.

4. Pursuant to § 1981 and Title VII, Plaintiff timely files this lawsuit within the applicable period of limitations against Defendant and has complied with all administrative prerequisites.

5. Plaintiff is an adult individual who performed services for Defendant in Broward County, Florida.

6. GA is a Florida Profit Corporation located in Broward County, Florida, and which, at all times relevant, performed work in Broward County, Florida.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's § 1981 and Title VII claims as they arise under federal law and supplemental jurisdiction for FCRA claims, and the actions giving rise to this lawsuit occurred in Broward County, Florida.

8. This is an action for damages exceeding $30,000.00, exclusive of attorneys' fees, interest, and costs.

9. Pursuant to § 1981, Title VII, and FCRA, Plaintiff timely files this lawsuit within the applicable period of limitations against Defendant and has complied with all administrative prerequisites.

10. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Defendant maintained an office location in Broward County, Florida, and Plaintiff worked for Defendant in Broward County, Florida, and for this reason venue is proper in this Court as well.

## STATEMENT OF FACTS

11. Ms. Evans worked for GA in Accounts Payable from August 12, 2019, until her unlawful and retaliatory termination on April 26, 2021.

12. During her time with GA, Ms. Evans endured discrimination based on race and based on sex. In late August of 2019, a co-worker (referring to one of GA's Human Resources Managers, Joy) told Ms. Evans "I thought you were Joy because of your chocolate skin." Ms. Evans promptly objected to GA that its actions violated, *inter alia*, Section 1981, Title VII, and the FCRA. Nevertheless, the offending co-worker was merely made to watch a video presentation on discrimination in the workplace.

13. New hires of other races received better pay, complimentary items, better health insurance subsidies, and better treatment, because of their race, than Ms. Evans did. GA often prevailed upon Ms. Evans, a notary public, to notarize documents (title deeds, permits, etc.) when she was not physically present with the party in question. In October of 2020, Ms. Evans objected to GA that its actions violated, *inter alia*, Section 117.05, Florida Statutes, and informed GA that she refused to participate in GA's violations of law.

14. In January of 2021, Ms. Evans objected to GA Supervisor, Zahra, that GA's discrimination based on race continued despite her earlier objections, in violation of Section 1981, Title VII, and the FCRA. Ms. Evans specifically objected to GA providing her with less training than it provided to employees of other races.

15. On April 15, 2021, GA Human Resources Manager, Joy, impertinently asked Ms. Evans, "when are you going to bust that pussy open and have some kids? Or can you even have kids?" Ms. Evans objected that GA's actions constituted discrimination, abuse, and harassment based on sex, in violation of Title VII and the FCRA.

16. On the occasions that Ms. Evans has complained to Joy that co-workers of other races receive better training, better pay, and better treatment overall than she does, Joy has deprecated Ms. Evans, stating, "just be glad your Black ass has a job."

17. On April 21, 2021, Ms. Evans discovered that GA was interviewing candidates to take over her job position.

18. On April 26, 2021, GA informed Ms. Evans that it had decided to terminate her employment, effective immediately.

19. GA offered no cogent explanation for taking this extreme adverse employment action against Ms. Evans.

20. GA terminated Ms. Evans's employment because she is Black/African American, because she is a woman, and because of her objections to GA's discrimination, abuse, and harassment based on race and sex in the workplace. Any other "reason" theorized after the fact by GA or its attorneys for GA's termination of Ms. Evans's employment is pure pretext.

21. GA's actions have been outrageous and will not be tolerated in 2022.

22. Plaintiff retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON RACE

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22, above.

24. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under Title VII.

25. The discrimination/disparate treatment to which Plaintiff was subjected was based on her race.

26. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff. *See, e.g., E.E.O.C. v. Beverage Canners, Inc.*, 897 F.2d 1067, 1068-69 (11th Cir. 1990).

27. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

28. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

29. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

30. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

31. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

### COUNT II: DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON COLOR

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above.

33. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination based on color under Title VII.

34. The discrimination/disparate treatment to which Plaintiff was subjected was based on her color.

35. Defendant's discriminatory comments and actions were egregious and provide direct evidence of its discriminatory motive to discriminate against Plaintiff. *See, e.g., E.E.O.C. v. Beverage Canners, Inc.*, 897 F.2d 1067, 1068-69 (11th Cir. 1990).

36. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

37. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

38. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## COUNT III: DISCRIMINATION IN VIOLATION OF SECTION 1981 BASED ON RACE

39. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-38 of the Complaint as if fully set forth herein.

40. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under § 1981.

41. The discrimination to which Plaintiff was subjected was based on her race, Black/African.

42. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

43. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

44. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 1981.

45. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will:

a. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under Section 1981;

b. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

c. Grant Plaintiff a judgment against Defendant for all available damages, including punitive damages;

d. Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to Section 1981;

e. And award any additional relief that this Court deems just and appropriate.

### COUNT IV: RETALIATION IN VIOLATION OF SECTION 1981 BASED ON RACE

46. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-21 of the Complaint as if fully set forth herein.

47. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race retaliation under § 1981.

48. The retaliation to which Plaintiff was subjected was based on her objections to race discrimination in the workplace, or what she reasonably believed to be race discrimination in the workplace.

49. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

50. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

51. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 1981.

52. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will:

a. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under Section 1981;

b. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

c. Grant Plaintiff a judgment against Defendant for all available damages, including punitive damages;

d.  Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to Section 1981;

e.  And award any additional relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a jury trial on all issues so triable as of right.

Dated this 19th day of October, 2022.

Respectfully submitted,

**By: */s/Noah E. Storch*** 
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*